**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4612**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

PAUL MATTHEW BRIM,

Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas D. Schroeder, District Judge.  (1:08-cr-00342-TDS-1)

_____

Submitted:  June 28, 2010                Decided:  July 20, 2010

_____

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Matthew Brim appeals his sentence to 200 months in prison and five years of supervised release imposed after he pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Brim's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court erred in imposing a sentence of 200 months imprisonment. Brim was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appeal, we presume that a sentence within a properly calculated guideline range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

2

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Brim, and his sentence within his advisory guideline range is procedurally and substantively reasonable. The district court properly determined he was an armed career criminal and that his guideline range was 180 to 210 months based on the mandatory minimum under 18 U.S.C. § 924(e), a total offense level of thirty, and a criminal history category of VI. Because Brim had thirty criminal history points and many of his offenses were violent crimes, the probation officer noted an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3(a)(1) (2008) might be warranted and recommended a sentence at the high end of the guideline range to protect the public and serve as a measure of deterrence. Brim's attorney contended a sentence within the guideline range would comport with 18 U.S.C. § 3553(a), and requested that the district court consider Brim's history and characteristics in determining an appropriate sentence.

In sentencing Brim to 200 months, the district court considered the guidelines on an advisory basis, the arguments of counsel, statements of the defendant, and the § 3553(a) factors. The district court noted that Brim, as a convicted felon, knew he could not possess a firearm; had been involved in criminal activity for more than twenty years; had twice the number of criminal history points to qualify for a category VI; and by all

3

accounts was a habitual criminal and felon. Moreover, four of his prior offense were for violent felonies. The district court noted it had taken into account the need for the punishment to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to protect the public from his further crimes. Thus, the court properly concluded a 200-month sentence was reasonable in this case.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>